IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Launeil Sanders, ) | |
| ) | |
| Plaintiff, ) | C/A No. 7:13-2945-RBH-KFM |
| ) | |
| vs. ) | **REPORT AND RECOMMENDATION** |
| ) | |
| ) | |
| U.S. EPA Administrator, Gina McCarthy; ) | |
| SCDHEC, South Carolina Department of ) | |
| Health and Environmental Control; ABITIBI ) | |
| Bowater; and International Paper Company, ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

## **Background**

This *pro se* Plaintiff brings a civil action seeking damages and injunctive relief[1] to improve the cleanliness of water in the Catawba and Cooper Rivers in South Carolina by requesting this court to order Defendants to implement stricter standards under the Clean Water Act and to discharge fewer chemicals into those rivers. Compl. 1–21. This court takes judicial notice that on January 28, 2011, Plaintiff filed an almost identical civil action in this court against the same Defendants. Compl., *Sanders v. U.S. EPA Administrator, et al.*, C.A. No. 6:11-231-RBH-KFM (D.S.C. Jan. 28, 2011), ECF No. 1. *See Colonial Penn Ins. Co. v. Coil*, 887 F.2d 1236, 1239 (4th Cir. 1989) ("We note that 'the most frequent use of judicial notice is in noticing the content of court records.'"). Further, on April 20, 2010, he filed a previous almost identical civil action in this court against the same Defendants. Compl., *Sanders v. U.S. EPA Administrator, Lisa Jackson, et al.*, C.A.

---

[1] Within the body of the Complaint, Plaintiff requests a preliminary injunction and a "TRO."

No. 7:10-968-RBH-WMC (D.S.C. May 28, 2010), ECF No. 1.  In the prior 2010 action, as stated in this court's Report and Recommendation entered on May 12, 2010, Plaintiff alleged the following:

> Plaintiff alleges that he was employed by defendant South Carolina Department of Health and Environmental Control ("SCDHEC") but that he was criminally and unjustifiably fired in December of 1999.  Plaintiff alleges that he had inside knowledge that SCDHEC was illegally submitting Phosphorus limits for Rock Hill and another municipal plant in deliberate criminal contempt of South Carolina Chief Administrative Law Judge Marvin Kittrell's order dated September 1999.  Plaintiff alleges that after his firing SCDHEC gave him bad references which prohibited him from gaining future employment.  Defendant SCDHEC allegedly owes Plaintiff $195,000.00 in back pay.  Plaintiff alleges that he filed suit in this court in April of 2001 but that it was dismissed on a technicality.
>
> Plaintiff alleges that Bowater and International Paper are pulp and paper mills which discharge polluted wastewater into navigable waterways. Plaintiff alleges that SCDHEC regulates defendants ABITIBI Bowater Corporation ("Bowater") and International Paper Corporation ("International Paper")'s wastewater discharges, and Plaintiff alleges that SCDHEC's requirements are not strict enough.  Bowater is allegedly discharging wastewater into the Catawba River, and International Paper is allegedly discharging wastewater into the Cooper River.  Plaintiff is upset because SCDHEC allows those companies to discharge 1,500,000 pounds per day of COLOR compounds into streams, and Plaintiff believes that the parameters and the current method of testing is outdated.  Plaintiff requests that Bowater and International Paper be required to immediately begin treating their wastewater in the method that Plaintiff suggests, and Plaintiff requests that those defendants be required to report to SCDHEC and to this court every six months as to their progress. Plaintiff alleges that he has a patent on a new technological process to remove toxic/hazardous chemicals from wastewater but that the pulp and paper mills have not implemented his new technology and that the EPA has not required it.  Plaintiff alleges that he has attempted to convince the mills to use his technology to no avail.  He also has sought changes from the EPA to its environmental standards, but the EPA has essentially refused his requests.  It appears that the EPA wrote Plaintiff a letter dated September 25, 2009, wherein it did not agree to make immediate changes requested by Plaintiff.  (Compl. at 28-31)  Plaintiff appears to seek to force the defendants to use his new technology via this

> lawsuit, or he requests that the standards in effect prior to 1985 be reinstated because those standards were stricter than today's standards.
>
> Plaintiff alleges that he has tried to request changes to the EPA wastewater standards through other channels such as the United States Congress, the United States President, and the EPA Administrator but that he cannot get anyone's attention.  Specifically, Plaintiff alleges "That I, Launeil Sanders, have tried to get the attention of Congress, President Obama, EPA Administrator Lisa Jackson and others, however I have failed."  Plaintiff did receive a letter from the EPA Administrator's office "which is absolutely unsatisfactory, which is why I have filed this lawsuit."  Plaintiff alleges that the EPA "is not going to do anything."  Plaintiff alleges that "I really need a U.S. District Judge to intervene and Order EPA Administrator to establish technology limits either for Original 1985 COLOR limits or New COD limits.  There is no alternative for the 300 million Citizens of America."  Plaintiff states that it is not acceptable for the EPA to allow "all 800 pulp and paper mills ... to discharge toxic, hazardous, polluted wastewater until the Administrator puts in New Technology Limits.  Thus, I have no recourse but to file this suit and try to get an Honorable U.S. District Judge to intervene and Order the Administrator to install Technology Limits as were in force in the 1985 BAT COLOR limits."

Report and Recommendation, *Sanders v. U.S. EPA Administrator, Lisa Jackson, et al.*, C.A. No. 7:10-968-RBH-WMC (D.S.C. May 28, 2010), ECF No. 11.

This court summarily dismissed without prejudice the 2010 case for these reasons: "Plaintiff did not allege an 'injury in fact' for standing purposes to bring a citizen suit pursuant to 33 U.S.C. § 1365; Plaintiff did not state a claim on which relief may be granted because he did not allege that the EPA Administrator failed to implement rules and regulations related to wastewater; and Plaintiff's request for this Court to order Defendants to create new, more stringent standards for clean water was not within this Court's power." Order, *Sanders v. U.S. EPA Administrator, et al.*, C.A. No. 6:11-231-RBH-KFM (D.S.C. Feb. 22, 2011), ECF No. 15.  Plaintiff appealed, and the Fourth Circuit Court of Appeals affirmed.  *Id.*  This court also summarily dismissed without prejudice Plaintiff's 2011 case

3

because his allegations of standing still did not satisfy the injury in fact requirement and the allegations failed "to state a claim on which relief may be granted for the reasons previously explained by this Court in *Sanders v. Jackson*, No. 7:10-cv-00968-RBH. . . ." *Id.* Plaintiff appealed the 2011 case, and the Fourth Circuit Court of Appeals found that the appeal was frivolous and dismissed it for the reasons stated by the district court. Opinion, *Sanders v. Jackson*, C.A. No. 6:11-231-RBH (4th Cir. July 5, 2011), ECF No. 23.

## Discussion

Pursuant to the provisions of 28 U.S.C. §636(b)(1)(B) and Local Civil Rule 73.02(B)(2)(e) DSC, the undersigned is authorized to review this Complaint for relief and submit findings and recommendations to the district court. Plaintiff filed this action pursuant to 28 U.S.C. § 1915, the *in forma pauperis* statute. This statute authorizes the district court to dismiss a case if it is satisfied that the action "fails to state a claim on which relief may be granted," is "frivolous or malicious," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). As a *pro se* litigant, Plaintiff's pleadings are accorded liberal construction and held to a less stringent standard than formal pleadings drafted by attorneys. *See Erickson v. Pardus*, 551 U.S. 89 (2007) (*per curiam*). However, even under this less stringent standard, the *pro se* pleading remains subject to summary dismissal. The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim cognizable in a federal district court. *See Weller v. Dep't of Social Servs.*, 901 F.2d 387 (4th Cir. 1990).

Because the instant Complaint is almost a copy of the Complaints that Plaintiff filed in the two prior actions discussed above, both of which this court dismissed, this action rests on frivolous legal theories because they are indisputably meritless. *See Neitzke v. Williams*, 490 U.S. 319, 327 (1989); *Nagy v. FMC Butner*, 376 F.3d 252, 256-57 (4th Cir. 2004) (explaining that "[t]he word 'frivolous' is inherently elastic and 'not susceptible to categorical definition.'"); *Feurtado v. McNair*, C.A. No. 3:05-1933-SB, 2006 WL 1663792, at *2 (D.S.C. June 15, 2006) (noting that frivolousness encompasses inarguable legal conclusions and fanciful factual allegations), *aff'd*, 227 F. App'x 303 (4th Cir. May 15, 2007). Further, Plaintiff's conduct in filing the almost identical Complaint several times is repetitive, abusive, litigious conduct that rises to the level of maliciousness. *See Jones v. South Carolina*, C.A. No. 3:02-157-24BC, 2002 WL 32334394, at *1 (D.S.C. Sept. 17, 2002). Accordingly, this action should be dismissed based on frivolousness and maliciousness.[2]

Moreover, because Plaintiff seeks to file this action pursuant to the *in forma pauperis* statute, 28 U.S.C. § 1915, this court has the discretion to deny him *in forma pauperis* status in this case because he has repeatedly abused this court's process by filing his losing case over and over again. *See Blakely v. Wards*, – F.3d –, 2013 WL 5718441, at *11–12 (4th Cir. 2013) (Wilkinson, concurring); *Clarke v. Richmond Behavioral Health Auth.*, No. 10-1185, 2010 WL 4678607, at **1 (4th Cir. Nov. 18, 2010) (finding that

---

[2] Of course, because Plaintiff's Complaint should be dismissed, he cannot obtain a preliminary injunction or TRO.

5

a district court may deny leave to proceed *in forma pauperis* when it determines that a petition is frivolous).

## **Recommendation**

It is recommended that the district court dismiss this action *without prejudice* and without issuance and service of process based on frivolousness and maliciousness. It is further recommended that Plaintiff's motion for leave to proceed *in forma pauperis* be denied. Plaintiff's attention is directed to the important notice on the next page.

November 18, 2013                                   s/ Kevin F. McDonald
Greenville, South Carolina                       United States Magistrate Judge

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> 300 East Washington Street, Room 239
> Greenville, South Carolina 29601

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).