IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
SPARTANBURG DIVISION

| | |
|---|---|
| Launeil Sanders, ) | Civil Action No.: 7:13-cv-02945-RBH |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| U.S. EPA Administrator, Gina ) | |
| McCarthy; SCDHEC, South ) | |
| Carolina Department of Health and ) | |
| Environmental Control; ABITIBI ) | |
| Bowater; and International Paper ) | |
| Company, ) | |
| ) | |
| Defendants. ) | |
| ) | |

This matter is before the Court after the issuance of the Report and Recommendation ("R&R") of United States Magistrate Judge Kevin F. McDonald.[1] Plaintiff Launeil Sanders, proceeding *pro se*, filed this civil action in October 2013, seeking damages and injunctive relief to improve the cleanliness of water in the Catawba and Cooper Rivers in South Carolina by requesting the Court to order Defendants to implement stricter standards under the Clean Water Act and to discharge fewer chemicals into those rivers.[2] The Magistrate Judge issued his R&R on November 18, 2013, R&R, ECF No. 10, and Plaintiff filed timely objections to the R&R. Pl.'s Objs., ECF No. 13. In the R&R, the Magistrate Judge recommends that the Court dismiss this action *without*

---

[1] In accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02 (D.S.C.), this matter was referred to the Magistrate Judge for pretrial handling. The Magistrate Judge's review of Plaintiff's complaint was conducted pursuant to the screening provisions of 28 U.S.C. § 1915(e)(2). The Court is mindful of its duty to liberally construe the pleadings of *pro se* litigants. *See Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978); *but see Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985) ("Principles requiring generous construction of pro se complaints . . . [do] not require . . . courts to conjure up questions never squarely presented to them.").

[2] Because the allegations are adequately stated in the Magistrate Judge's R&R, which the Court adopts, the Court need not elaborate on them further.

1

*prejudice* and without issuance and service of process based on frivolousness and maliciousness. He further recommends that Plaintiff's motion for leave to proceed *in forma pauperis* be denied. After the R&R was issued, Plaintiff filed a motion for the Magistrate Judge to recuse himself from the case.[3] ECF No. 12.

The Magistrate Judge makes only a recommendation to the Court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The Court is charged with making a *de novo* determination of those portions of the R&R to which specific objection is made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1). The right to *de novo* review may be waived by the failure to file timely objections. *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). The Court need not conduct a *de novo* review when a party makes only "general and conclusory objections that do not direct the [C]ourt to a specific error in the [M]agistrate's proposed findings and recommendations." *Id.* Moreover, in the absence of objections to the R&R, the Court is not required to give any explanation for adopting the recommendation. *Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983). However, in the absence of objections, the Court must " 'satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.' " *Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

---

[3] In the motion, Plaintiff raises the same arguments regarding the Magistrate Judge's "dishonesty" that he raises in his objections. Because the Court, after a review of the record, finds that Plaintiff fails to show any error—or any hint of impropriety—in the recommendation of the Magistrate Judge, Plaintiff's motion for recusal is without merit. Accordingly, the motion is denied as moot and, alternatively, on the merits.

The Magistrate Judge recommends dismissing the action under 28 U.S.C. § 1915(e)(2)(B) as both frivolous and malicious. Specifically, the Magistrate Judge reports that Plaintiff's claims are identical to claims he has alleged in previous actions—claims that were already rejected by this Court (and the Fourth Circuit on appeal). *See Order*, Sanders v. U.S. EPA Administrator, et al., No. 6:11-cv-00231-RBH (D.S.C. Feb. 22, 2011); *Order*, Sanders v. U.S. EPA Administrator, et al., No. 7:10-cv-00968-RBH (D.S.C. May 18, 2010). The Magistrate Judge, moreover, cites Plaintiff's several meritless actions as a basis for his recommendation to deny Plaintiff's motion to proceed *in forma pauperis*. In his objections, Plaintiff continues to assert that he has standing (without any specificity), accuses the Magistrate Judge of being "dishonest" and trying to deny Plaintiff's access to the court, and suggests that the Magistrate Judge "should be found in Criminal Contempt of Congress." Pl.'s Objs. 13. This Court has reviewed the record *de novo* and Plaintiff's allegations, and finds that the Magistrate Judge's recommendation is proper in light of Plaintiff's continued meritless filings involving the same claims and the same Defendants.

## CONCLUSION

The Court has thoroughly reviewed the entire record, complaint, the R&R, objections to the R&R, and applicable law. For the reasons stated above and by the Magistrate Judge, the Court hereby overrules Plaintiff's objections and adopts the Magistrate Judge's R&R.

**IT IS THEREFORE ORDERED** that Plaintiff's motion for recusal (ECF No. 12) is **DENIED**; that Plaintiff's motion to proceed *in forma pauperis* (ECF No. 2) is **DENIED**; and that Plaintiff's complaint is **DISMISSED** *without prejudice* and without issuance and service of process.

**IT IS SO ORDERED.**

                                                  s/ R. Bryan Harwell
                                                  R. Bryan Harwell
                                                  United States District Judge

Florence, South Carolina
April 21, 2014